# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ZECHARIAH BARBER,**

    **Plaintiff,**

v.                                                                                        **Civil Action No. 1:09cv39**
                                                                                            **(Judge Keeley)**

**KUMA J. DEBOO, Warden, and**
**E. MACE, Doctor,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On March 20, 2009, the plaintiff initiated this action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On March 25, 2009, the plaintiff was granted leave to proceed *in forma pauperis*. On April 13, 2009, the plaintiff paid the initial partial filing fee.

## I. The Complaint

In his complaint, the plaintiff alleges that the defendants have been deliberately indifferent to his medical needs. He claims that in March 2007, he injured his left knee and leg while he was incarcerated at FCI - Gilmer. After an X-Ray was performed on the plaintiff's left knee and leg, the doctor determined that an MRI was needed to further check the damage to the his knee. The plaintiff claims that the MRI did not take place until several months later, and while he was waiting

1

for the MRI to occur he visited the medical center numerous times because of extreme physical pain. He alleges that the medical center did not properly care for his needs. Then, after the MRI was performed the plaintiff was instructed that surgery would be needed on his left knee. The plaintiff also alleges that the doctor said that surgery could have been avoided had the delay not taken place. The plaintiff further alleges that he is not being provided with the medicine that was provided for him. Finally, the plaintiff alleges that he is being deprived of physical therapy for his surgically repaired knee. The plaintiff is requesting $2,000,000 in compensatory relief and physical therapy in the form of injunctive relief.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R.Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

III. **Analysis**

    A. **Exhaustion of Remedies**

A Bivens action, like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Porter v. Nussle, 534 U.S. 516, 524 (2002). Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion, as provided in §1997e(a), is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter at 517. Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741. The United States Supreme Court has held that proper exhaustion of administrative remedies is necessary, thus precluding inmates from filing untimely or otherwise procedurally defective administrative grievances or appeals and then pursuing a lawsuit alleging the same conduct raised in the grievance. See Woodford v. Ngo, 548 U.S. 81, 83 (2006). In Woodford, the United States Supreme Court clarified that the PLRA exhaustion requirement requires proper exhaustion. Id. at 84. The Court noted that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

3

effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The Court found that requiring proper exhaustion fits with the scheme of the PLRA, which serves three main goals: (1) eliminating unwarranted federal court interference with the administration of prisons; (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Id. at 93-94. As the Court concluded, "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 95.

"The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. *See* 28 C.F.R. § 542. 10, *et seq* . This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via Central Office Administrative Remedy Appeal." Owens v. Haynes, No. 3:07cv29, 2008 WL 4571821 * 3 (N.D.W.Va. 2008).

From the plaintiff's complaint, it appears that he has fully exhausted his administrative remedies. He has included with his complaint copies of his informal resolution requests, grievances, and responses. Therefore, the complaint can not be dismissed based on failure to exhaust administrative remedies.

B. **Defendant DeBoo**

Defendant DeBoo appears to have been named in this suit merely because of his position as the warden at FCI-Gilmer. Although no specific allegations are mentioned against Defendant DeBoo, the plaintiff generally states that a response to the diagnosis that he needed an MRI performed on his knee took too long, that a response to the diagnosis that he needed to see an orthopedic surgeon and have surgery performed on his knee took too long, that he was denied his medication, and that he is being denied0 physical therapy on his surgically repaired knee. "The decisions of this Court have firmly established the principle that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. Liability in this context is not premised on *respondeat superior,* but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984).

The Fourth Circuit has laid out the requirements that are necessary in order for one to establish supervisory liability. In order to establish supervisory liability under civil rights statute, [1] supervisor must have actual or constructive knowledge that his subordinate was engaged in conduct that posed pervasive and unreasonable risk of constitutional injury, [2] supervisor's response to that knowledge was so inadequate as to show deliberate indifference or tacit authorization of alleged offensive practices, and [3] affirmative causal link existed between supervisor's inaction and particular constitutional injury suffered. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

In the case at bar, the plaintiff never alleges that Defendant DeBoo was told of his medical condition. He does not allege that the defendant knew he needed an MRI or that the defendant deliberately prolonged the plaintiff's date to receive an MRI. The plaintiff also does not allege that

5

the defendant knew his knee required surgery or that the defendant deliberately prolonged the date for the plaintiff to receive this surgery. Nowhere in his complaint does the plaintiff mention that the defendant knew, or authorized, the fact that the plaintiff was being denied his medication. Finally, the plaintiff does not allege that the defendant knew that he needed physical therapy on his knee. In fact, the record shows that the plaintiff is not entitled to physical therapy (Doc. 1-2 p.12). For the reasons stated above, the plaintiff has failed to state a claim against Defendant DeBoo, and he must, therefore, be dismissed from this action.

### C. **Defendant Mace**

The Eighth Amendment protects prisoners from punishments which "'involve the unnecessary and wanton infliction of pain' or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted). These principles apply to the conditions of a prisoner's confinement and require that the conditions within a prison comport with "contemporary standard[s] of decency" to provide inmates with "the minimal civilized measure of life's necessities." Id. at 347; see also Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that both the treatment of prisoners and the conditions of their confinement are subject to scrutiny under the Eighth Amendment). Therefore, while "'the Constitution does not mandate comfortable prisons,'" it also "does not permit [an] inhumane one." Id. (quoting Rhodes, 452 U.S. at 349).

To state a claim under the Eighth Amendment, plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect

6

a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that, objectively, the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). When dealing with claims of inadequate medical attention, the objective component is satisfied by a serious medical condition.

A medical condition is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987) *cert. denied,* 486 U.S. 1006 (1988).[1]

A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347. Thus, while failure to provide recommended elective knee surgery does not violate the Eighth Amendment, Green v. Manning, 692 F.Supp. 283 (S.D. Ala.1987), failure to perform elective surgery on an inmate serving a life sentence would result in

---

[1] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kansas 1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

permanent denial of medical treatment and would render the inmate's condition irreparable, thus violating the Eighth Amendment. Derrickson v. Keve, 390 F.Supp. 905, 907 (D.Del.1975). Further, prison officials must provide reasonably prompt access to elective surgery. West v. Keve, 541 F. Supp. 534 (D. Del. 1982) (Court found that unreasonable delay occurred when surgery was recommended in October 1974 but did not occur until March 11, 1996.)

The subjective component of a "cruel and unusual punishment" claim is satisfied by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

In the instant case, while the plaintiff may be able to establish that he suffers from a serious medical condition, satisfying the objective component of his Eighth Amendment claim, he cannot satisfy the subjective component of his Eighth Amendment claim, because there is no evidence that Defendant Mace acted with deliberate indifference. Although five months had lapsed from the time that he received his X-Ray and the time that he received his MRI, this amount of time is not sufficient to amount to an unreasonable delay. This five months is a far cry from the twenty-two (22) years found to be unreasonable in West v. Keve, supra. It is also not alleged that the defendant knew of any substantial risk that this lapse in time would cause the plaintiff. The plaintiff received his surgery

on March 10, 2008, after he was recommended to the Unit Review Committee for surgery review consideration. Because the plaintiff received both the MRI and surgery that was recommended for him, it is difficult to see how the defendant was deliberately indifferent to his medical needs. The exhibits attached to the plaintiff's complaint clearly show that his medical needs were tended to by Defendant Mace.

Pursuant to Rule 8(a) of the Federal Rules if Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's's jurisdiction depends...(2) a short and plain statement of the claim **showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by the plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted).

Moreover, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)(internal citation omitted). In order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v.Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzzo v.

Good, 423 U.S. 362 (1976). Instead the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright at 501; Colburn at 666..

With regards to the plaintiff's claims that he has been denied medicine and physical therapy, the plaintiff never mentions Defendant Mace in these claims. The plaintiff simply alleges that a unit officer did not allow him to go to the medicine line at 11:30 A.M. He does not allege that Defendant Mace took part in this action, knew of the unit officer taking this action, or authorized the unit officer to take this action. He also alleges he is being denied physical therapy. However, the documents supplied by the plaintiff show that there was never an order for the plaintiff to receive physical therapy (Doc. 1-2 pg.12), and therefore, Defendant Mace took no part in denying him this treatment.

For the above stated reasons, the plaintiff has failed to state a claim against Defendant Mace and she must, therefore, be dismissed from this action.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely

file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 6-2-09

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE