```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ZECHARIAH BARBER,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:09CV39**
                                            **(Judge Keeley)**

**KUMA J. DeBOO, Warden, and**
**E. MACE, Doctor,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 10]**
**AND DISMISSING COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

    Pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities)(dkt. no. 1), the <u>pro se</u> plaintiff, Zechariah Barber ("Barber"), filed this civil rights action on March 2, 2009 against defendants Warden Kuma J. DeBoo ("Warden DeBoo"), and Dr. E. Mace ("Dr. Mace"). While incarcerated at FCI-Gilmer, Barber claims that the defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. The Court referred the case to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09 and Local Standing Order No. 2.

    On June 2, 2009, Magistrate Judge Joel issued a Report and Recommendation ("R&R") in which he recommended that Barber's complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted. He based his recommendation on

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 10)
AND DISMISSING COMPLAINT WITH PREJUDICE (DKT. NO. 1)**

his conclusion that Barber's allegations did not establish personal liability for either of the named defendants.  As to the claim against Warden DeBoo, Magistrate Judge Joel determined that Barber had not established supervisor liability, as required by the Fourth Circuit in Shaw v. Stroud, 13 F.3d 791, 799(4th Cir. 1994), because he never alleged that Warden DeBoo knew about his medical condition or deliberately prolonged authorization of treatment. As to Barber's claim against Dr. Mace, Magistrate Judge Joel concluded that, although Barber might have been able to satisfy the objective component of an Eighth Amendment claim, he had not satisfied the subjective component because there was no evidence that Dr. Mace had acted with the deliberate indifference required by Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Barber objected to the R&R on June 17, 2009 stating that the magistrate judge's recommendation "to reject petitioners civil claim comes with no merits according to civil law." He then re-argued his claim as set forth in his original complaint.[1](dkt. no 17).

---

[1] In his objections, Barber also argues, for the first time, that the medical personnel at the prison, including Mace, falsified medical documentation by stating that Barber had been sent to Walter Reed for knee x-rays.  There is no support for this allegation in the record, however.

**BARBER V. DEBOO, ET AL.**                                              **1:09CV39**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 10)
AND DISMISSING COMPLAINT WITH PREJUDICE (DKT. NO. 1)**

Objections to an R&R must be specific. See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). In this case, Barber's objections to the R&R, at best, are cursory. Furthermore, his objections do not address the legal analysis undergirding the R&R.

Magistrate Judge Joel properly applied the controlling legal standards from Shaw v. Stroud, 13 F.3d 791, 799(4th Cir. 1994), and Wilson v. Seiter, 501 U.S. 294, 298 (1991), to the facts of this case in determining that Barber had not stated a claim upon which relief could be granted. The Court therefore **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 10), **DISMISSES WITH PREJUDICE** the complaint (dkt. no. 1), and **STRIKES** the case from its active docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: May 6, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE